## GEORGE J. RICHARDSON v. MINNESOTA STEEL COMPANY.[1]

February 9, 1923.

No. 23,240.

**Private steam road, not a common carrier, within the terms of the compensation act.**

*Held,* following State ex rel. Winston-Dear Co. v. District Court, 145 Minn. 181, that a private steam railroad, not engaged as a common carrier, is within the terms of the Minnesota Workmen's Compensation Act.

Action in the district court for St. Louis county to recover $30,000 for injuries received while in defendant's employ. The case was

[1]Reported in 191 N. W. 924.

tried upon stipulated facts before Cant, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Tom Davis* and *Ernest A. Michel*, for appellant.

*Abbott, MacPherran, Gilbert & Doan*, for respondent.

HALLAM, J.

This is an action to recover damages for personal injuries sustained by plaintiff while in defendant's employ. Defendant was not a railroad corporation but operated a private line of steam railroad. It was not a common carrier. After the accident defendant settled with plaintiff under the Workmen's Compensation Act. Plaintiff now claims that the Workmen's Compensation Act does not apply to the case, and he asks recovery under the general law of negligence.

If the Workmen's Compensation Act applies to this case plaintiff cannot recover. In State ex rel. Winston-Dear Co. v. District Court, 145 Minn. 181, 176 N. W. 749, we held that a private steam railroad, not engaged as a common carrier, is within the terms of the compensation act. Plaintiff frankly concedes that, in order for plaintiff to prevail, it is essential that the court overrule the Winston-Dear case. That case was exhaustively briefed and argued. Outside counsel lent their aid on both sides as amici curiae. The case was thoroughly considered and an able dissenting opinion was filed. No argument that is now presented was then overlooked. After reviewing the arguments as now presented we find no occasion to change the rule of construction of our statutes which we so deliberately adopted at that time. The decision in the Winston-Dear case is adhered to and the judgment of the trial court is affirmed.

Judgment affirmed.